IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| JEREMY BECK | § | |
| VS. | § | CIVIL ACTION NO. 1:23-cv-56 |
| WARDEN, USP BEAUMONT | § | |

### REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

Jeremy Beck, an inmate confined within the Bureau of Prisons ("BOP"), proceeding *pro se*, filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Petitioner contends the BOP has improperly calculated his sentence.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

### Factual Allegations

In his Petition, (doc. #1), Petitioner states that he was previously convicted of a federal offense. He was also charged with an offense by the State of Tennessee. Petitioner state the BOP has failed to comply with an order by the federal sentencing court directing that he be given credit towards his federal sentence for time spent incarcerated pursuant to the state charge.

### The Response

A Response (doc. #6) has been filed to the Petition. Attached to the Response is a Declaration from Heather Grandy, a management analyst at the BOP's Designation and Sentence Computation Center. Ms. Gandy states, in part, as follows:

> On September 12, 2018, inmate Beck was arrested by Shelby County, Tennessee authorities for Convicted Felon in Possession of a Handgun and Possession of Drug Parahernalia, Case No. 19-00469; and Criminal Attempt-Second Degree Murder, Employing Firearm During a Felony, Convicted Felon in Possession of a Firearm, and Aggravated Assault, Case No. 19-00468. Inmate Beck remained in state custody.

On December 26, 2018, inmate Beck was "borrowed" from state custody pursuant to a federal Writ of Habeas Corpus Ad Prosequendum ("WHCAP") from Shelby County authorities and placed in the temporary custody of the United States Marshals Service ("USMS").

On October 11, 2019, inmate Beck was sentenced by the United States District Court for the Western District of Tennessee to a 57-month term of imprisonment for Felon in Possession of a Firearm, Case No. 2:18CR20416-01-MSN. The term was ordered to be, "served concurrently with the undischarged term of imprisonment imposed in Shelby County Criminal Court, Memphis, TN (Docket no. 19-00469), and shall also be served consecutively with the undischarged term of imprisonment imposed in Shelby County Criminal Court, Memphis, TN (Docket no. 19-00468)."

On August 31, 2021, inmate Beck was sentenced to an 8-year term of imprisonment with the TDOC [Tennessee Department of Corrections] in Shelby County, Tennessee, Case No. 19-00468. On the same date, Shelby County entered a Judgment of Nolle Prosequi in Case No. 19-00469.

On May 19, 2022, inmate Beck was released to the primary federal custody of the USMS after satisfying his state obligation for Case No. 19-00468.

On July 21, 2022, inmate Beck's federal sentence was composed and audited, commencing May 19, 2022, the date he entered primary federal custody. Inmate Beck did not receive any prior custody credit, as all time spent in custody from September 12, 2018, through May 19, 2022, was applied to the state sentence in Case No. 19-00468. Inmate Beck's federal sentence was ordered to run concurrent to Case No. 19-00469, but this case was dismissed. Therefore, the federal sentence is not appropriate for a concurrency. Inmate Beck's current projected release date is June 7, 2026.

In response to inmate Beck's allegations, the BOP has reviewed the circumstances and documentation regarding his allegation. The BOP uses Title 18 U.S.C. § 3585(b) to determine prior custody credit on a federal sentence. Title 18 U.S.C. § 3585(b) states in part, "A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences . . . **that has not been credited against another sentence**." (Emphasis added). This statute precludes the award of credit if it has been credited towards another sentence. In this case, the state awarded inmate Beck credit on the sole remaining Shelby County sentence, Case No. 19-00468 (which his federal sentence was ordered to run consecutive to), from September 12, 2018, through May 18, 2022, therefore it cannot be applied to his federal sentence.

Additionally, Program Statement 5880.28 states, "Time spent in custody under a writ of habeas corpus from non-federal custody will not in and of itself be considered for the purpose of crediting presentence time. The primary reason for "writ" custody is not the federal charge. The federal court merely "borrows" the prisoner under the provision of the writ for secondary custody.

In accordance with Program Statement 5880.28 and Title 18 U.S.C. § 3584(a), "Multiple terms of imprisonment imposed at different times run consecutive unless the court orders that the terms are to be run concurrent." The federal judgment

>ordered the federal term to be served concurrently with the undischarged term of imprisonment imposed in Shelby County Criminal Court, Case No. 19-00469. Case No. 19-00469 was ultimately dismissed, leaving the sole state sentence, Case No. 19-00468, which was ordered to run consecutively.
>
>Furthermore, the BOP uses Title 18, U.S.C. § 3585(a) to establish the rule for commencement of a sentence. This statute states in part, "If the prisoner is serving no other federal sentence at the time the sentence is imposed, and is in exclusive federal custody (not under the jurisdiction of a federal writ of habeas corpus ad prosequendum) at the time of sentencing on the basis of the conviction for which the sentence was imposed, the sentence commences on the date of imposition," and "in no case can a federal sentence commence earlier than the date on which it is imposed." Therefore, inmate Beck's federal sentence commenced on the date inmate Beck entered exclusive federal custody, May 19, 2022.
>
>Finally, in accordance with Program Statement 5160.05, pertaining to Inmate Request for *Barden* review, "(f) The Bureau will not allow a concurrent designation if the sentencing court has already made a determination regarding the order of service of sentence (e.g. the federal sentencing court ordered the sentence to run consecutively to any other sentence . . .)." Since the federal judgment orders the federal case to run consecutively to Shelby County Case No. 19-00468, a retroactive designation is not appropriate.

(Doc. #6-2 at 3-5).

## Standard of Review

Under Federal Rule of Civil Procedure 56(a), summary judgment is appropriate if "the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Ellison v. Software Spectrum, Inc.*, 85 F.3d 187, 189 (5th Cir. 1996). A dispute about a material fact is genuine only "if the evidence is such that a reasonable [finder of fact] could [find in favor of] the nonmoving party." *Anderson*, 477 U.S. at 248.

On summary judgment, "[t]he moving party has the burden of proving there is no genuine [dispute] of material fact and that it is entitled to judgment as a matter of law." *Rivera v. Houston Indep. Sch. Dist.*, 349 F.3d 244, 246 (5th Cir. 2003). If the moving party meets this burden, "the non-moving party must show that summary judgment is not appropriate by setting forth specific facts showing the existence of a genuine issue concerning every essential component of its case." *Rivera*, 349 F.3d at 247. The nonmovant's burden "is not satisfied with some metaphysical doubt

as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence." *Willis v. Roche Biomedical Labs., Inc.*, 61 F.3d 313, 315 (5th Cir. 1995).

## Analysis

Petitioner's federal judgment in a criminal case provides that his federal sentence was to be served concurrently with the sentence imposed in state Case No. 19-00468, and consecutively to the sentence imposed in state Case No. 19-00469 (doc. #6-2 at 20). Petitioner acknowledges that the charges against in him Case No. 19-00468 were dismissed prior to conviction. As a result, there was no state sentence with which the federal sentence could run concurrently. The BOP's determination that the federal sentence run consecutively with the sentence imposed in Case No. 19-00468 complies with Petitioner's federal Judgment.

In addition, 18 U.S.C. § 3585(b) provides that a defendant shall be given credit towards his sentence for time spent in official detention before the date the sentence commences, so long as that time has not also been credited towards another sentence. Petitioner does not dispute that he received credit towards his state sentence in Case No. 19-00469 for the time spent in custody prior to the date his state sentence was discharged and he was transferred to federal custody. As a result, Section 3585 does not permit this period of time to also be credited towards his federal sentence.

## Conclusion

For the reasons set forth above, Petitioner is not entitled to relief in this matter. His Petition should therefore be denied.

## Recommendation

This Petition for Writ of Habeas Corpus should be denied.

## Objections

Objections must be (1) specific, (2) in writing, and (3) served and filed within 14 days after being served with a copy of this report. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(b) and 72(b).

A party's failure to object bars that party from (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th

Cir. 1988), and (2) appellate review, except on grounds of plain error, of unobjected-to factual findings and legal conclusions accepted by the district court, *Douglass v. United Servs. Auto. Ass'n.*, 79 F.3d 1415, (5th Cir. 1996) (*en banc*).

**SIGNED this the 6th day of November, 2023.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE